IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MELANIE LEIGH BROWN                                                    PLAINTIFF

V.                                           CAUSE NO. 3:12-CV-00340-CWR-FKB

CHRISTIAN BLAKE WELCH                                        DEFENDANT

## ORDER OF REMAND

"Even where an action could have been originally brought in federal court, the defendant may not remove the state action to federal court if the defendant is a citizen of the state in which the action is filed."[1]

In this case, Melanie Leigh Brown is a citizen of Texas, and Christian Blake Welch is a citizen of Mississippi.[2] Brown sued Welch in Hinds County Circuit Court, and Welch removed the case to federal court on the basis of diversity of citizenship.[3] But because this case presents no question of federal law, and because Brown brought suit in Welch's home state,[4] Welch is not

---

[1] *Brooks v. Dist. of Columbia*, 819 F. Supp. 67, 68 (D.D.C. 1993) (quoting *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 358 n.6 (5th Cir. 1990)). *See* 28 U.S.C. § 1441(b) (aside from cases involving a federal question, an action "shall be removable only if none of the parties in interest properly joined and served as Defendants is a citizen of the state in which such action is brought").

[2] State Court Record [Docket No. 1-1] at 2.

[3] Notice of Removal [Docket No. 1] at 1.

[4] In his Response to Brown's motion to remand, Welch seems to dispute Brown's allegation that Welch was a Mississippi resident at the time Brown filed suit. *See* Response to Motion to Remand [Docket No. 4] at 1 ("The plaintiff alleges that Welch was a citizen of Rankin County when the complaint was filed as though there was some proof of that. However, Welch's parents were paying his rent in Florida and they paid a full month's rent in Florida for February [2012]."). But if Welch is indeed not a resident of Mississippi, then it is he and not Brown that bears the burden of proving that fact. *Williams v. Brown*, 2011 WL 3290394, *3 (S.D. Miss.

1

entitled to removal.[5]

Therefore, Brown's Motion to Remand[6] is granted, and this case is remanded to the Hinds County Circuit Court. The Plaintiff's Motion to Strike Defendant's Response[7] is dismissed as moot.

SO ORDERED this Twenty-Ninth day of June 2012.

                /s/ *Carlton W. Reeves*
                Hon. Carlton W. Reeves
                United States District Court Judge

---

2011) ("The party removing the case and invoking the jurisdiction of the federal court is strapped with the burden of establishing federal jurisdiction."). Without having offered any evidence in support of his contention, Welch's argument must fail.

[5] *See Browne v. Hartford Fire Ins. Co.*, 168 F. Supp. 796, 797 (N.D. Ill. 1959) ("The purpose of removal legislation is to give a non-resident defendant who has been unwillingly brought into a State court[ ] the right to remove to the presumably unprejudiced forum of the Federal court.").

[6] Motion to Remand [Docket No. 3].

[7] Plaintiff's Motion to Strike Defendant's Response [Docket No. 5].